Thomas E. Shuck SBN 116228
PARKER, MILLIKEN, CLARK,
O'HARA & SAMUELIAN
A Professional Corporation
515 S. Figueroa St., 8th Floor
Los Angeles, California 90071-3325
Telephone:  (213) 683-6500
Facsimile:  (213) 683-6669
tshuck@pmcos.com

Attorneys for Plaintiff
PATHWARD, NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PATHWARD, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>THE AVON COMPANY, DBA NEW AVON COMPANY,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **Payment by Account Debtor Under Uniform Commercial Code §9406(a)**<br>2. **Unjust Enrichment**<br>3. **Account Stated** |

Plaintiff Pathward, National Association ("Plaintiff") respectfully states as follows:

## I.

## THE PARTIES

1. Plaintiff is a national banking association with its corporate headquarters in Sioux Falls, South Dakota.

2. Defendant is a corporation organized under the laws of the State of Wyoming with a principal place of business in New York, New York.

1
COMPLAINT

176803016v4

## II.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this cause under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, excluding interest and costs, and there is complete diversity of citizenship between the parties.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 139l(b)(2) and (3), and in the Western Division pursuant to 28 U.S.C. §84(c)(1) and (3) as the Defendant conducts business in this District.

## III.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

5. Plaintiff, among other things, makes loans and provides financial accommodations to its borrowers.

6. Plaintiff and DI Overnite, LLC, a Nevada limited liability company, dba Deliver-It ("DIO"), with its principal place of business in Anaheim, California previously entered into financing arrangements pursuant to, among others, the following documents (collectively the "Loan Documents"):

    A. Master Credit and Security Agreement dated as of September 28, 2024, as amended by Amendment No. 1 to Master Credit and Security Agreement dated as of October 22, 2024, and by Amendment No. 2 to Master Credit and Security Agreement dated as of December 10, 2024 (collectively the "Credit Agreement"); and

    B. A Revolving Note in the stated principal amount of $20,000,000 dated as of September 28, 2024 (the "Note").

7. Under the Loan Documents, Plaintiff agreed to provide financial accommodations to DIO.

8. To secure its obligations under the Loan Documents to Plaintiff, DIO granted Plaintiff a security interest in all of it personal property (the "Collateral"), including but not limited to a security interest in its accounts. See Credit Agreement, attached as **Exhibit A**.

PARKER MILLIKEN
CLARK O'HARA &
SAMUELIAN, A
PROFESSIONAL
CORPORATION

176803016v4

9. To perfect its security interest in the Collateral including accounts, Plaintiff filed a UCC-1 Financing Statement covering all assets of the DIO on September 23, 2024, with the Secretary of State of Nevada, Filing Number 2024429643-4.

10. DIO is in default to Plaintiff.

11. Plaintiff has the right under the Loan Documents to collect all of DIO's accounts.

12. Defendant was notified in writing that its accounts with DIO were assigned to Plaintiff (the "Notification"). See Notification of Assignment of Accounts attached as **Exhibit B**. This Notification specifically instructed Defendant that all payments otherwise due to DIO should be paid directly to Plaintiff pursuant to Uniform Commercial Code provision § 9-406(a).

13. DIO provided services to Defendant, and DIO sent Defendant for those services the invoices described in Statement of Account as of July 7, 2025 (the "Statement of Account") attached as **Exhibit C** (the "Outstanding Invoices").

14. Defendant owes not less than $271,763.10 for the services reflected in the "Outstanding Invoices".

15. Defendant did not remit payments on the Outstanding Invoices to Plaintiff or DIO.

16. Because Defendant did not remit payments for the Outstanding Invoices, Plaintiff's counsel made written demands for payment on Defendant (the "Demand Letters"). See Demand Letters attached as **Exhibit D**.

17. Despite the Demand Letters, Defendant has refused to remit the payments for Outstanding Invoices to Plaintiff.

## FIRST CLAIM FOR RELIEF

**(Payment by Account Debtor – Uniform Commercial Code §9406(a))**

18. Plaintiff realleges and incorporates by reference the above.

19. Defendant was notified that its accounts with DIO had been assigned to Plaintiff and that all amounts owed to DIO must be paid directly to Plaintiff.

- 3 -
COMPLAINT

176803016v4

20. Under UCC § 9-406(a), once an account debtor receives notification "that the amount due or to become due has been assigned" and that "payment is to be made to the assignee," the account debtor cannot discharge its obligation by paying the assignor.

21. Pursuant to UCC. §9-406(a), an account debtor obligated to pay Plaintiff all accounts assigned by DIO to Plaintiff.

22. Plaintiff made demand for payment and Defendant refused to pay.

23. Plaintiff has been damaged by Defendant's failure to pay as required:

24. Plaintiff is entitled to payment of the Outstanding Accounts.

25. As a result of Defendant's refusal to pay, Plaintiff has been damaged in the amount of $271,763.10, exclusive of interest, costs, and attorneys' fees.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

26. Plaintiff realleges and incorporates by reference the above allegations.

27. Defendant benefited from DIO's services, which were provided to Defendant as a result of the financial accommodations Plaintiff provided to DIO.

28. Therefore, Defendant benefited from Plaintiff's actions.

29. Defendant did not pay for the services it obtained.

30. Defendant's retention of these benefits has resulted in an inequity to DIO and Plaintiff.

31. It would be inequitable and unjust to allow Defendant to retain such benefits.

32. Defendant should be ordered to pay Plaintiff the dollar amount of the Outstanding Invoices.

## THIRD CLAIM FOR RELIEF
### (Account Stated)

33. Plaintiff incorporates the above allegations.

34. DIO submitted the invoices to Defendant described in the Statement of Account.  See **Exhibit D**.

PARKER MILLIKEN CLARK O'HARA & SAMUELIAN, A PROFESSIONAL CORPORATION

176803016v4

35. The invoices factual and true statements of Defendant's account with DIO, which was assigned to Plaintiff. *Id*.

36. The invoices accurately represent the amount that Defendant owes Plaintiff. *Id*.

37. The invoices accurately represent all just and lawful offsets to which Defendant is entitled. *Id*.

38. The invoices accurately represent all payments made by Defendant. *Id*.

39. DIO sent the invoices to Defendant, and the invoices were accepted by Defendant.

40. Defendant is indebted to Plaintiff, as assignee of DIO's accounts, in the amount of $271,763.10. *Id*.

## **PRAYER FOR RELIEF**

### **(All Claims)**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against Defendant in the amount of $271,763.10, plus interest, costs, and attorneys' fees as permitted by law, and grant Plaintiff all such relief which is just and appropriate under the circumstances.

DATED: November 6, 2025              PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN
                                     A Professional Corporation


                                     By: /s/Thomas E. Shuck
                                         THOMAS E. SHUCK
                                         Attorneys for Defendant
                                         PATHWARD, NATIONAL ASSOCIATION

- 5 -
COMPLAINT

176803016v4